IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VIVINT, INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CRAIG BAILIE et al.,<br><br>　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:15-cv-00685-DAK-PMW<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

　　　　Before the court is Plaintiff Vivint, Inc.'s ("Plaintiff") motions to compel compliance with subpoenas served on Low Voltage Group, LLC ("LVG") and Johnathan Anthony.[1] At the time the subpoenas were served, LVG and Anthony (collectively "Respondents") were not parties to this action. Respondents appear to reside in or around St. Charles, Missouri, more than 100 miles outside the District of Utah. Despite this, the subpoenas required Respondents to produced documents and things at the offices of Plaintiff's counsel, which is located in the District of Utah.[2] Counsel for Respondents served objections, including an objection to the location of production under rule 45 of the Federal Rules of Civil Procedure.[3] In response, Plaintiff's counsel filed the current motions to compel compliance.

　　　　"A subpoena may command: (A) production of documents, electronically stored

---

[1] Docket nos. 31 and 35.

[2] Docket no. 35-1 at 2 and 7.

[3] Docket no. 35-2.

information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2). Motions to quash or modify a subpoena or to compel compliance with a subpoena must be brought in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i) (in response to an objection, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection"); Fed. R. Civ. P. 45(d)(3) ("the court for the district where compliance is required must quash or modify" an improper subpoena); Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.").

Here, Plaintiff acknowledges that the stated location for production is improper, but asks the court to modify the subpoenas to include a proper location for production.[4] This district is not a proper location to command production, to compel compliance, or to modify the subpoenas. Plaintiff's defective subpoenas cannot confer jurisdiction on this court.

Accordingly, the motions are **DENIED**.

**IT IS SO ORDERED**.

DATED this 21st day of November, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[4] Docket no. 35 at 2.

2