# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| VIVINT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CRAIG BAILIE, JOHNATHAN ANTHONY, ARMOR PROTECTION, LLC, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:15CV685DAK <br><br> Judge Dale A. Kimball |

This matter is before the court on Defendant Johnathan Anthony's Motion for Summary Judgment [Docket No. 63], Plaintiff Vivint, Inc.'s Rule 41(a)(2) Motion to Dismiss Its Claims with Prejudice against Defendant Johnathan Anthony [Docket No. 68], and Vivint's Motion for Summary Judgment Against Defendant Johnathan Anthony [Docket No. 69]. On January 24, 2018, the court held a hearing on the motions. At the hearing, Plaintiff Vivint was represented by Timothy R. Pack and Trent L. Lowe and Defendant Johnathan Anthony was represented by Brian D. Boggess. The court took the motions under advisement. The court has carefully considered the materials submitted by the parties and the facts and law relevant to the motions. Now being fully advised, the court issues the following Memorandum Decision and Order.

## BACKGROUND

Johnathan Anthony was employed at Vivint as a home security field service technician in Missouri and then as a service manager in Chicago. Vivint terminated Anthony's employment

after investigating and concluding that Anthony was sharing Vivint customer information with a competitor, Defendant Craig Bailie and his company Armor Protection. Vivint brought the present action against all three defendants alleging computer fraud, misappropriation of trade secrets, violation of the Lanham Act, unfair competition, intentional interference with contract, and civil conspiracy.

Vivint obtained an early default judgment against Armor Protection, which appears to be a defunct entity. During discovery, Vivint interviewed customers and witnesses involved in the investigation but did not take Anthony's deposition. At about the time that discovery was closing, Vivint approached Bailie and Anthony about settlements that would allow them to walk away from the lawsuit if they agreed to an injunction not to access Vivint customer information. Anthony's counsel did not respond. However, in one contact with Anthony's counsel, his counsel told Vivint that they were waiting to see what Bailie did and would get back to Vivint after the weekend.

Bailie settled with Vivint but Vivint never heard back from Anthony. Instead, Anthony filed the present motion for summary judgment. In response, Vivint filed a motion for voluntary dismissal of its claims against Anthony and a motion for summary judgment on Anthony's counterclaims.

## DISCUSSION

The three pending motions address the remaining claims at issue in this case. Vivint seeks to voluntarily dismiss its claims against Anthony and to obtain summary judgment on Anthony's counterclaims. Anthony seeks summary judgment on Vivint's claims and a jury trial on his counterclaims against Vivint. At the hearing on the motions, Anthony acknowledged that he cannot maintain his malicious prosecution claim as part of this action. *Hatch v. Davis*, 2004

UT App 378, ¶ 29 102 P.3d 774 ("[U]nder Utah law, a defendant is required to have the underlying action resolved on the merits in his or her favor prior to initiating a claim for wrongful use of civil proceedings.").

**<u>Anthony's Motion for Summary Judgment & Vivint's Motion for Voluntary Dismissal</u>**

Vivint's motion for voluntary dismissal of its claims against Anthony with prejudice moots Anthony's motion for summary judgment except for Anthony's request for an award of attorney fees. The Tenth Circuit "continue[s] to adhere to the rule that a defendant may not recover attorneys' fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances." *Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997). "[W]hen a plaintiff dismisses an action with prejudice, attorneys' fees are usually not a proper condition of dismissal because the defendant cannot be made to defend again." *Id.* However, attorney fees "might" be appropriate "when a litigant makes a repeated practice of bringing claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system." *Id.*

Vivint is requesting dismissal of its claims pursuant to Rule 41(a)(2) with prejudice. Neither party in this case conducted any substantial discovery. Vivint did not take Anthony's deposition. Vivint sought to voluntarily dismiss the claims prior to the close of the fact discovery period and prior to Anthony filing his motion for summary judgment. Vivint has never brought claims against Anthony in any prior action and the dismissal with prejudice will prevent it from doing so again.

Anthony, however, claims that attorney fees are appropriate because Vivint has a history of bringing lawsuits against individuals for tactical reasons and then settling. Vivint argues that multiple lawsuits against multiple defendants is not the Tenth Circuit standard. Rather, the Tenth

Circuit refers to multiple lawsuits between the same parties dismissed without prejudice to harass a given defendant. The court agrees that the Tenth Circuit standard appears to apply to multiple cases between the same parties. This is the only lawsuit between the present parties. Anthony also takes issue with Vivint's filing of the case against Anthony at all because he claims it was brought only to force him to testify against Bailie. However, Vivint alleges a conspiracy between the parties and, based on the telephone records disclosed as part of its initial disclosure, there appears to be a basis for such a claim. Filing a lawsuit against both alleged conspirators in an effort to get one of them to testify against the other is not improper when there is a basis for bringing the claim.

In any event, even if the Tenth Circuit standard applied to multiple cases between multiple parties, Anthony has not demonstrated a basis for attorney fees. While Anthony cites to several cases in this district in which Vivint had commercial disputes and/or sought to protect its trade secrets, Vivint is a large company and there is nothing improper about Vivint resorting to litigation to protect its customer information or other business interests. Anthony does not provide evidence demonstrating that Vivint lacked a good faith basis for bringing any of those lawsuits or the terms of any of the settlements.

Moreover, while Anthony attacks the basis for Vivint's present lawsuit, Vivint's initial disclosures demonstrate a basis for Vivint's allegations and Anthony never pursued a motion to dismiss the claims as unfounded. Vivint's investigation showed that Anthony and Bailie had previously worked together and the produced telephone records showed that Anthony and Bailie were in repeated contact with each other. Vivint also listed eight individuals or entities and 36 Vivint customers as witnesses affected by Anthony's and Bailie's alleged actions. Vivint produced 141 pages of documents to Anthony, including his employment file and telephone logs

associated with Anthony's telephone that Vivint intended to use to supports its claims. That production of records was the only discovery in the case, but it supports Vivint's claims and shows that the claims have a foundation. Vivint did not move for summary judgment on its claims and was under no obligation to present all of the evidence it acquired during discovery in support of those claims. Anthony improperly asserts that a party's desire to settle an action demonstrates that there is no merit to the party's claims. However, a myriad of legal, factual, and financial considerations inform a party's desire to settle a case. The fact that Vivint decided to no longer pursue its claims against Anthony does not mean that the claims against him were unfounded. The court, therefore, concludes that under Tenth Circuit case law, this case does not present exceptional circumstances and attorney fees are not appropriate in connection with Vivint's voluntary dismissal.

Furthermore, Anthony contends that he is entitled to an award of attorney fees based on a Federal Rule of Civil Procedure 68 Offer of Judgment he served Vivint on February 6, 2017, in the amount of $100. Under Rule 68, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Anthony admits that the rule is unclear whether costs include attorney fees. "'Costs' typically are defined by reference to 28 U.S.C. § 1920 and include things such as filing fees and court reporter fees." *Knight v. Snap-On Tools Corp.*, 3 F.3d 1398, 1404 (10th Cir. 1993). In *Marek v. Chesny*, 473 U.S. 1 (1985), however, the Supreme Court found that "absent congressional expressions to the contrary, where the underlying statute defines 'costs' to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68." *Id.* at 9. Therefore, the Tenth Circuit has stated a "general rule that 'the costs which are subject to the cost-shifting provisions of Rule 68 are those enumerated in 28 U.S.C. § 1920, unless the

substantive law applicable to the particular cause of action expands the general § 1920 definition.'" *Knight*, 3 F.3d at 1404 (citation omitted).

In *Knight*, the Tenth Circuit found that an underlying substantive statute that allowed the award of attorney fees and costs to the prevailing party did not define attorney fees as an element of costs. *Id.* at 1405. Thus, it is not enough to demonstrate that the underlying law provides for an award of attorney fees to the prevailing party. Anthony must show how the underlying substantive statutes expanded the general definition of costs to include attorney fees. Anthony has not attempted to demonstrate entitlement to attorney fees under any of the underlying substantive laws at issue in this case. Accordingly, the court finds that there is no basis for including attorney fees as "costs" under Anthony's Rule 68 Offer of Judgment.

## Vivint's Motion for Summary Judgment

Vivint seeks summary judgment on Anthony's counterclaims for malicious prosecution, abuse of process, and violation of the Illinois Personnel Records Review Act ("PRRA").

**1. Abuse of Process**

Vivint argues that Anthony has not presented any evidence that an abuse of process occurred under controlling Utah law. Under Utah law, abuse of process has two elements: "First an ulterior purpose; second, an act in the use of the process not proper in the regular prosecution of the proceedings." *Hatch*, 2004 UT App 378 at ¶ 34. Under the second element, Anthony was "required to allege that Plaintiff had engaged in an act in the use of the process not proper in the regular prosecution of the proceedings." *Hatch*, 2004 UT App 378 at ¶ 35. For example, "some act or threat directed to an immediate objective not legitimate in the use of the process." *Id.* The "mere filing of a lawsuit, even for an improper purpose, is insufficient for abuse of process action absent some definite act or threat not authorized by the process." *Id.*

Anthony alleged in his counterclaim that Vivint's ulterior purposes for filing this lawsuit against him included the "use of litigation in this forum to coerce Counterclaimant into divulging information regarding Defendant Craig Bailie, and to embarrass, humiliate and damage Counterclaimant's reputation."  That allegation pleads the first element but not the second.  Under *Hatch*, it is not enough for Anthony to claim that Vivint had bad intentions when it filed the lawsuit against him, and that is all Anthony alleges.  2004 UT App at ¶ 35.  Even if Vivint's counsel spoke to Anthony before bringing him in as a defendant and told him Vivint wanted him to testify against Bailie, this is not a willful or collaborating act.  Seeking the testimony of a co-conspirator is not improper when there is a basis for claims against both alleged conspirators.  There is no evidence that Vivint has used this litigation to coerce Anthony in any way.  Vivint did not even take Anthony's deposition.

Anthony claims that Vivint has engaged in a number of willful acts to harm Anthony or delay his progress in other business ventures.  Vivint allegedly did not turn over his employment file and required him to get an Illinois attorney.  Vivint also allegedly delayed the turnaround of a reasonable employment verification which cost Anthony business opportunities and delayed his entry into the St. Louis market.  However, these alleged acts relating to his employment file and employment verification have nothing to do with this case.  For a claim of abuse of process, one must be engaged in an act in the use of the process not proper in the regular prosecution of the proceedings. Anthony has not shown any act in these proceedings to accomplish an abuse of process.  There is no evidence or allegation of intimidation or extortion.  Accordingly, the court concludes that Vivint is entitled to summary judgment on Anthony's abuse of process claim.

**2. Illinois Personnel Records Review Act ("PRRA")**

Anthony alleges that Vivint violated the Illinois PRRA by failing to provide Anthony

with a copy of his employment file upon written request. On September 24, 2015, Anthony, through counsel, sent a request for his employment file. On December 10, 2015, counsel sent a second letter stating that several pages were sent to him with no letter explaining what was being sent. Vivint has also produced Anthony's file during this litigation. However, Anthony claims that he was entitled to an office visit to inspect his file.

Prior to filing his counterclaim, Anthony was required to file a complaint with the Illinois Department of Labor alleging noncompliance with the PRRA. Section 12 of the PRRA states that "[t]he Director of Labor or his authorized representative shall administer and enforce the provisions of this Act." 820 ILCS 40/12(a). Section 12 only allows a private right of action when "the Department has not commenced an action in circuit court to redress such violation." 820 ILCS 40/12(c).

In *Anderson v. Board of Educ. of City of Chicago*, 169 F. Supp. 2d 864, 870 (N.D. Ill. 2001), the court concluded "that, in enacting the Personnel Record Act, the Illinois legislature intended that attempted resolution through the Department of Labor be a prerequisite to filing a claim in court." Anthony has not provided any evidence that he complied with this prerequisite by filing a complaint with the Illinois Department of Labor. Therefore, the court concludes that Vivint is entitled to summary judgment on Anthony's Illinois PRRA claim.

## CONCLUSION

Based on the above reasoning, Defendant Johnathan Anthony's Motion for Summary Judgment [Docket No. 63] is DENIED, Plaintiff Vivint, Inc.'s Rule 41(a)(2) Motion to Dismiss Its Claims with Prejudice against Defendant Johnathan Anthony [Docket No. 68] is GRANTED, and Vivint's Motion for Summary Judgment Against Defendant Johnathan Anthony [Docket No. 69] is GRANTED. Because this disposes of all remaining claims in the action, the court shall

enter judgment and close the case.

DATED this 31st day of January, 2018.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge